UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MORENO,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>           Defendant. | Case No. EDCV 11-01822-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |

**PROCEEDINGS**

On November 18, 2011, Steve Moreno ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on February 21, 2012. On May 24, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 40 year old male who applied for Social Security Disability Insurance benefits on March 31, 2007, alleging disability beginning September 1, 2006. (AR 14.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 17.)

On July 16, 2009, Administrative Law Judge ("ALJ") Jesse J. Pease issued an unfavorable decision denying benefits. (AR 14.) In this prior decision, the ALJ made the following findings:

> (1) the claimant met the insured status requirements of the Social Security Act through December 31, 2001; (2) the claimant had not engaged in substantial gainful activity; (3) the claimant had a severe impairment consisting of status post gunshot wound to the right hip with hip fracture and subsequent surgery; (4) the claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment; (5) the claimant had the residual functional capacity ("RFC") to perform a narrow range of light exertion; (6) the claimant's RFC precluded the performance of his past relevant work; (7) the claimant was a younger person with a high school education and no transferable work skills; (8) the claimant's vocational factors and RFC did not preclude the performance of a significant number of jobs in the regional and national economy; and (9) the claimant was not disabled.

(AR 14.)

Through his attorney, Plaintiff appealed the unfavorable decision and on June 5, 2010, the Appeals Council granted the request for review, vacated the hearing decision, and remanded the case for further administrative proceedings. (AR 14.) In its remand order, the Appeals Council directed the ALJ to do the following:

- Further consider the claimant's RFC in accordance with Social Security Rulings, 83-14, 83-15 and 96-8p.

- Obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Claimant's occupational base (Social Security Rulings 83-12 and 85-15). The hypothetical questions should reflect the specific capacity/limitations established by the records as a whole. Ask the vocational expert to identify examples of such appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence, identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles ("DOT") and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(AR 14-15.)

Subsequently, a hearing was held on November 1, 2010, in San Bernardino, California before the same ALJ. (AR 15.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 15.) Medical expert Joseph E. Jensen and vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on November 12, 2010. (AR 14-22.) The prior decision was incorporated by reference, as supplemented in this new decision. (AR 15.) The Appeals Council denied review on September 13, 2011. (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's testimony and made proper credibility findings.
2. Whether the ALJ properly considered Plaintiff's treating physician's opinion and properly developed the record.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

4

in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

      The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 1, 2006, the alleged onset date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: status post gunshot wound to the right hip with surgical repair, currently with residual changes in the right hip joint. (AR 17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 17.)

The ALJ then found that the Plaintiff had the RFC to perform a limited range of light work, with the following limitations:

> Claimant can stand and walk for four hours out of eight hours, provided he can sit every hour for five minutes. He requires the use of a cane in the left non-dominant hand if out of the immediate work area. He can sit for six hours out of an eight-hour workday. He can lift and carry 20 pounds occasionally and 10 pounds frequently. He cannot squat or crouch, and he cannot climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs; and he can occasionally balance, stoop, kneel, and crawl. He cannot work at heights, and he cannot perform pedal operations with the right lower extremity.

(AR 17-20.) In determining this RFC, the ALJ also made an adverse credibility determination. (AR 18.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as an auto detailer, materials handler, process service, truck driver, and industrial truck operator. (AR 20.) The ALJ, however, did find there were other jobs existing in significant numbers in the

national economy that Plaintiff can perform, including small products assembler, cashier II, and optical assembler. (AR 21.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 21.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's credibility. The ALJ properly rejected the opinion of Plaintiff's treating physician.

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Both issues raised by Claimant concern the ALJ's RFC. An RFC is not a medical determination but an administrative finding based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

### A. The ALJ Properly Discounted Plaintiff's Credibility

Plaintiff suffered a gunshot wound which resulted in a comminuted fracture of the right introchanteric area and femoral neck wound, for which he underwent several surgeries. (AR 17, 19.) The Claimant alleges chronic, disabling pain. (AR 19.) Despite painful range of motion in the right hip, the ALJ assessed a RFC for a limited range of light work. (AR 17.) In determining this RFC, the ALJ discounted Plaintiff's credibility. Plaintiff contends the ALJ improperly discounted his credibility. The Court disagrees.

#### 1. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80

F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

    2. <u>Analysis</u>

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms. (AR 18.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not credible to the extent they are inconsistent with the ALJ's RFC. (AR 18.) Because there was no finding of malingering, the ALJ was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that the objective medical evidence does not support disability. (AR 18-20, 37-38, 323, 327-31, 334-35.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's symptoms as long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ adopted the findings of medical expert Dr. Joseph Jensen who testified that there was no evidence of any significant neurological impairment of the upper extremities and that Plaintiff could lift 20 pounds occasionally, stand and walk for four hours in an eight hour day and

sit for six hours, with other limitations. (AR 18, 37-38.) Consulting orthopedic examiner Dr. Sophon provided a similar RFC assessment and found no evidence of muscle atrophy, swelling, deformity, or tenderness in the right hip. (AR 19-20, 319-23.) State agency reviewers also provided the same RFC assessments as Dr. Jensen and Dr. Sophon. (AR 20, 326-31, 334-35.)

Second, the ALJ reasonably found that Plaintiff had not received or sought treatment commensurate with his claim of disabling pain. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ inferred pain not as disabling as claimed because claimant did not seek aggressive treatment); Parra, 481 F.3d at 750-51 (conservative treatment is a proper basis for discounting credibility). Here, despite allegations of disabling pain at a July 3, 2008, orthopedic clinic exam, he received no treatment in the year leading to the exam, never sought medical attention, and never had been prescribed medication or pursued medication. (AR 91, 19.) Indeed, the only medication Plaintiff takes is aspirin to thin his blood. (AR 91.) Claimant also never has sought emergency room treatment. (AR 19.) Doctors evaluate his hip injury annually and have not suggested further treatment. (AR 19.) The ALJ also found that Plaintiff had not sought treatment for a claimed back injury. (AR 20.)

Third, Plaintiff's credibility is also undermined by statements to his doctors that are inconsistent with his allegations of disabling pain. An ALJ may consider inconsistencies between a claimant's statements and conduct. Thomas v. Barnhart, 278 F.3d at 958-59. On several occasions, medical records indicate Claimant denied any pain in his hip and, as noted above, did not return for treatment until a year later. (AR 92.) The ALJ concluded that Plaintiff was exaggerating his subjective complaints. (AR 91, 92.)

Plaintiff does not specifically discuss, rebut or even respond to any of the ALJ's reasons for discounting Plaintiff's credibility or the evidence supporting those reasons. Plaintiff offers only conclusory arguments that the ALJ failed to explain why Plaintiff is not credible and that the reasons given for rejecting Plaintiff's credibility are legally insufficient. These unsupported arguments are plainly meritless.

The ALJ properly discounted Plaintiff's credibility for clear and convincing reasons based on substantial evidence.

### B. The ALJ Properly Rejected The Opinion Of Plaintiff's Treating Physician

Plaintiff next argues that the ALJ improperly rejected the decision of treating physician Dr. Song to sign a form for a handicapped placard. The Court disagrees.

#### 1. Relevant Federal Law

Plaintiff's challenges to the ALJ's RFC both concern the ALJ's treatment of the medical evidence. In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035,

1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other evidence of record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

2. Analysis

Dr. Andrew Song made orthopedic clinical notes for a September 2, 2010, visit in which Plaintiff reported pain with weather changes. (AR 339.) Plaintiff had reduced, painful range of motion (AR 339), a condition diagnosed by other doctors, but ambulated well with a cane. (AR 339.) Testing results were unchanged. (AR 339.) The note further indicates that Dr. Song had a "disability discussion" with Plaintiff and endorsed a handicapped placard for Plaintiff. (AR 339.) Plaintiff was to return in one year for an x-ray. (AR 339.) No medications appear to have been prescribed.

The ALJ did not give "great weight" to Dr. Song's note:

> The undersigned does not give great weight to the treating source's decision to sign a form so that the claimant could obtain a handicap placard, which is issued through the State of California. Different governmental entities use their own methods of determining disability, which are quite different from the guidelines and rules used by the Social Security Administration. Generally speaking, these forms only require a diagnosis or reason why the claimant seeks a placard, and does not indicate what the claimant can do despite his impairment. Moreover, a copy of the form is not in the file.

(AR 19.) In effect, the ALJ did not find Dr. Song's endorsement of a handicapped placard to be a conclusive determination of disability or necessarily inconsistent with the ability to work. As the ALJ noted, Dr. Song did not provide an RFC assessment.

Plaintiff argues that the ALJ's rationale was insufficient to dismiss the form Dr. Song signed. He asserts that the objective medical evidence establishes disability, citing Dr. Song's findings summarized by the ALJ. (AR 19.) As already noted, however, the objective medical evidence supports an RFC for a limited range of light work. (AR 17.) Dr. Song himself, as the ALJ noted, reviewed the x-rays, conducted a physical examination, and reported no changes from the examination one year prior. (AR 19, 339.) Dr. Song provided no treatment or medication and told Plaintiff to return in a year for another x-ray. (AR 339.) Dr. Song did not say Plaintiff was precluded from all work or provide an RFC assessment of his own. Indeed, his findings are consistent with those of Dr. Jensen, Dr. Sophon, and the State agency reviewers. Nor was there any duty to recontact Dr. Song to obtain a copy of the form because the record is not ambiguous or insufficient for the ALJ to make a disability determination. Bayliss, 427 F.3d at 1217.

An ALJ is responsible for resolving conflicts in the evidence. Andrews, 53 F.3d at 1039, and an ALJ's interpretation of the evidence if reasonable should not be second-guessed. Rollins, 261 F.3d at 857. Here, the ALJ's interpretation of the evidence that the handicapped placard is neither conclusive or indicative of disability nor inconsistent with the ability to work or the assessed RFC is reasonable and should not be second-guessed.

The ALJ gave specific, legitimate reasons based on substantial evidence for discounting Dr. Song's decision to sign a form for a handicapped placard.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this action dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 14, 2012            */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE